UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YOUHANNA SAWAGED, <br><br> Plaintiff, <br><br> v. <br><br> CHILD PROTECTION DCFS SERVICE LOS ANGELES, <br><br> Defendant. | Case No. 2:23-cv-05972-SVW-JDE <br><br> ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED UNDER 28 U.S.C. § 1915(e)(2)(B) |

**I.**

**INTRODUCTION**

On July 24, 2023, the Court received from Youhanna Sawaged ("Plaintiff"), proceeding pro se and seeking leave to proceed in forma pauperis ("IFP"), an untitled civil action naming Child Protection DCFS Service Los Angeles ("Defendant" or "DCFS") as the sole defendant. Dkt. 1 ("Complaint"). Although the allegations in the Complaint, which, with attachments, totals 73 pages, are difficult to discern, it appears Plaintiff takes issue with Defendant's detention of his children, Defendant's initiation of state court proceedings, and the decisions issued in those proceedings. This is at least

the third federal action Plaintiff has filed against Defendant in this Court regarding the custody of his children. In January 2019, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, which was subsequently dismissed for failure to pay the filing fee or obtain authorization to proceed IFP. See Sawaged v. DFS, Case No. 2:19-cv-00148-PSG (JDE), Dkt. 9 (C.D. Cal. Feb. 20, 2019). In September 2020, Plaintiff filed a second complaint on a form "Petition for Writ of Certiorari." Sawaged v. Child Protection DCFS Service Los Angeles, Case No. 2:20-cv-08613-PSG (JDE), Dkt. 1 (C.D. Cal.) ("Second Action"). On October 7, 2020, Plaintiff's IFP request was denied and the Second Action was dismissed for failure to state a claim upon which relief can be granted. Id., Dkt. 6.

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. For the reasons discussed below, the Court finds the instant Complaint suffers from the same defects as the Second Action, rendering it subject to dismissal.

## II.
## STANDARD OF REVIEW

A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Pleadings by pro se plaintiffs are reviewed liberally and afforded the benefit of the doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted). "[T]he tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

 In assessing whether a complaint states a viable claim, the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8"). Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Though Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation omitted); see also Iqbal, 556 U.S. at 678 (observing that Rule 8 standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995) (finding that even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"); Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

 Thus, to survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Id. Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not show "that the pleader

is entitled to relief," and thus are insufficient to state a claim that is "plausible on its face." Id. at 678-79 (citations omitted). "Taken together, Iqbal and Twombly require well-pleaded facts, not legal conclusions that 'plausibly give rise to an entitlement to relief.' The plausibility of a pleading thus derives from its well-pleaded factual allegations." Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (citations omitted).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. See, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

## III.
## DISCUSSION

**A.    The Complaint Fails to State a Claim**

Having carefully reviewed the Complaint and its attachments, the Court finds it fails to state a claim for several reasons.

First, as in the First Action, the Complaint is devoid of any claim that Plaintiff's federal constitutional or statutory rights have been violated, nor does Plaintiff purport to assert jurisdiction based on diversity of citizenship; as such,

facially, there is no subject matter jurisdiction. Plaintiff relies exclusively on various "Articles" of the American Convention on Human Rights ("ACHR"), International Convention for the Protection of the Rights of All Migrant Workers and Members of Their Families ("Convention on Migrant Workers"), and Convention on the Rights of the Child ("CRC"). However, because none of these treaties have been ratified by the United States, they provide no private right of action enforceable in federal court. See Flores v. S. Peru Copper Corp., 414 F.3d 233, 256 (2d Cir. 2003) ("only States that have ratified a treaty are legally obligated to uphold the principles embodied in that treaty"); see also White v. Moore, 2022 WL 18356998, at *5 (C.D. Cal. Nov. 8, 2022) (ACHR does not provide a private right of action in federal court); Howard v. Maximus, Inc., 2014 WL 3859973, at *3 (D. Or. May 6, 2014) (because ACHR was never ratified, federal courts could not enforce it), adopted by 2014 WL 3866419 (D. Or. Aug. 6, 2014); Iran Thalassemia Soc'y v. Office of Foreign Assets Control, 2022 WL 9888593, at *7 (D. Or. Oct. 14, 2022) (explaining that CRC has not been ratified and thus, is not a treaty of the United States); Keating-Traynor v. Westside Crisis Ctr., 2006 WL 1699561, at *7 (N.D. Cal. June 16, 2006) (finding CRC does not provide a private right of action); Connie De La Vega, International Standards on Business and Human Rights: Is Drafting a New Treaty Worth it?, 51 U.S.F.L. Rev. 431, 457-458 (2017) (noting the United States has not signed the Convention on Migrant Workers); U.N. Treaty Collection at https://treaties.un.org (indicating that the United States has not ratified the Convention on Migrant Workers).

      Further, even interpreting the Complaint liberally as an attempt to set forth a civil rights complaint, the Complaint fails to state a claim for relief. To state a claim for a violation of civil rights under 42 U.S.C. § 1983 ("Section 1983" or "§ 1983"), a plaintiff must allege that a defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the U.S.

Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48 (1988); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred . . . ." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." See Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 694 (1978). "[A] Monell claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts, or habits.'" Bedford v. City of Hayward, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) (quoting Warner v. Cty. of San Diego, 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011)); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992) ("The existence of a policy, without more, is insufficient to trigger local government liability under section 1983."); Spiller v. City of Texas City, Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."). "Monell allegations must be [pled] with specificity as required under Twombly and Iqbal." Galindo v. City of San Mateo, 2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016). Here, even were the Complaint to have alleged a violation of a federal constitutional or statutory right, as the sole defendant is DCFS, a local government entity, the only basis upon which liability may be affixed is under a Monell theory. However, the Complaint is devoid of any claim of any policy, custom, or practice by the DCFS that

caused any constitutional or federal statutory violation. Thus, as DCFS is the only named defendant, the Complaint fails to state a claim for the foregoing reason as well.

Additionally, under the Rooker-Feldman doctrine, a federal district court may not exercise subject-matter jurisdiction over a de facto appeal from a state court judgment. Noel v. Hall, 341 F.3d 1148, 1154, 1156 (9th Cir. 2003) (citing Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983)). Congress, in 28 U.S.C. § 1257, vests the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments. Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam). "Review of such judgments may be had only in [the Supreme] Court." Feldman, 460 U.S. at 482. In determining whether an action functions as a de facto appeal, courts "pay close attention to the relief sought by the federal-court plaintiff." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003) (citation omitted). "Rooker-Feldman bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate [his] claims." Id. at 901 (citation and footnote omitted). "Simply put, 'the United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.'" Id. at 898 (citation omitted). Here, Plaintiff directly challenges the state court proceedings, repeatedly contending the decisions issued in those proceedings were arbitrary, invalid, and void; and seeks an order to obtain custody of his children. See, e.g., Complaint at 15, 17, 19, 21, 23-24, 26-30, 37-38. Thus, by the Complaint, Plaintiff, in seeking to challenge the prior state court decisions and obtain custody of his children, is asserting a de facto appeal of those state court determinations. Such attempts are barred by the Rooker-Feldman doctrine.

B.     **Leave to Amend Is Not Warranted**

The Complaint suffers from the same defects previously identified in the Second Action. Despite notice of these defects, Plaintiff has failed to correct any of the defects in the instant action. It is apparent that the foregoing deficiencies are not the result of inartful pleading but are instead the result of legal deficiencies that cannot be cured by further amendment. Thus, it appears leave to amend is not warranted. See, e.g., Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F., 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint."); Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) ("[A] district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987))).

## IV.
## CONCLUSION AND ORDER

As Plaintiff seeks leave to proceed IFP in connection with this civil action, the case is subject to sua sponte dismissal because it fails to state a claim upon which relief can be granted. Further, it appears the legal deficiencies identified above cannot be cured by further amendment. Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. **Within twenty-eight (28) days of this Order,** Plaintiff shall file a written response setting forth any legal or factual basis why this action should not be dismissed under 28 U.S.C. § 1915(e)(2). In the alternative, Plaintiff may avoid dismissal by paying the full filing fee within this deadline.

**The Court warns Plaintiff that failure to timely respond as directed in this Order may result in the dismissal of this action for the foregoing reasons, failure to prosecute, and/or failure to comply with a court order.**

Dated: July 28, 2023

/s/ John D. Early
JOHN D. EARLY
United States Magistrate Judge