UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YOUHANNA SAWAGED, | Case No. 2:23-cv-05972-SVW-JDE |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE |
| v. | |
| CHILD PROTECTION DCFS SERVICE LOS ANGELES, | |
| Defendant. | |

## I.
## INTRODUCTION

On July 24, 2023, the Court received from Youhanna Sawaged ("Plaintiff"), proceeding pro se and seeking leave to proceed in forma pauperis ("IFP"), an untitled civil action naming Child Protection DCFS Service Los Angeles ("Defendant" or "DCFS") as the sole defendant. Dkt. 1 ("Complaint"). Although the allegations in the Complaint, which, with attachments, totals 73 pages, are difficult to discern, it appears Plaintiff takes issue with Defendant's detention of his children, Defendant's initiation of state court proceedings, and the decisions issued in those proceedings. This is at least the third federal action Plaintiff has filed against Defendant in this Court

regarding the custody of his children. In January 2019, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, which was subsequently dismissed for failure to pay the filing fee or obtain authorization to proceed IFP. See Sawaged v. DFS, Case No. 2:19-cv-00148-PSG (JDE), Dkt. 9 (C.D. Cal. Feb. 20, 2019). In September 2020, Plaintiff filed a second complaint on a form "Petition for Writ of Certiorari." Sawaged v. Child Protection DCFS Service Los Angeles, Case No. 2:20-cv-08613-PSG (JDE), Dkt. 1 (C.D. Cal.) ("Second Action"). On October 7, 2020, Plaintiff's IFP request was denied and the Second Action was dismissed for failure to state a claim upon which relief can be granted. Id., Dkt. 6.

On July 28, 2023, the assigned magistrate judge, after reviewing the Complaint as required under 28 U.S.C. § 1915(e)(2), issued an Order to Show Cause (Dkt. 6, "OSC"), finding the Complaint appeared to be subject to dismissal for failing to state a claim upon which relief may be granted and ordered Plaintiff to, within 28 days, either show cause in writing why the Complaint should not be dismissed or pay the full filing fee. OSC at 8. The OSC also provided:

> **The Court warns Plaintiff that failure to timely respond as directed in this Order may result in the dismissal of this action for the foregoing reasons, failure to prosecute, and/or failure to comply with a court order.**

OSC at 9. Plaintiff did not timely respond to the OSC or pay the full filing fee.

For the reasons set forth below, this action is dismissed with prejudice.

## II.
## STANDARD OF REVIEW

A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a

cognizable legal theory. <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir. 2008). Pleadings by pro se plaintiffs are reviewed liberally and afforded the benefit of the doubt. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam); see also <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

In assessing whether a complaint states a viable claim, the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). See <u>Rosati v. Igbinoso</u>, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8"). <u>Zixiang Li v. Kerry</u>, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Though Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 & n.3 (2007) (citation omitted); see also <u>Iqbal</u>, 556 U.S. at 678 (observing that Rule 8 standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); <u>Brazil v. U.S. Dep't of Navy</u>, 66 F.3d 193, 199 (9th Cir. 1995) (finding that even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"); <u>Schmidt v. Herrmann</u>, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding Rule 8 dismissal of "confusing,

1 | distracting, ambiguous, and unintelligible pleadings").
2 |   Thus, to survive screening, "a complaint must contain sufficient factual
3 | matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
4 | <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). A claim is
5 | "plausible" when the facts alleged support a reasonable inference that the
6 | plaintiff is entitled to relief from a specific defendant for specific misconduct.
7 | <u>Id.</u> Allegations that are "merely consistent with" a defendant's liability, or
8 | reflect only "the mere possibility of misconduct" do not show "that the pleader
9 | is entitled to relief," and thus are insufficient to state a claim that is "plausible
10 | on its face." <u>Id.</u> at 678-79 (citations omitted). "Taken together, <u>Iqbal</u> and
11 | <u>Twombly</u> require well-pleaded facts, not legal conclusions that 'plausibly give
12 | rise to an entitlement to relief.' The plausibility of a pleading thus derives from
13 | its well-pleaded factual allegations." <u>Whitaker v. Tesla Motors, Inc.</u>, 985 F.3d
14 | 1173, 1176 (9th Cir. 2021) (citations omitted).
15 |   If the Court finds that a complaint should be dismissed for failure to state
16 | a claim, the Court has discretion to dismiss with or without leave to amend.
17 | <u>See</u> <u>Lopez v. Smith,</u> 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave
18 | to amend should be granted if it appears possible that the defects in the
19 | complaint could be corrected, especially if a plaintiff is pro se. <u>Id.</u> at 1130-31;
20 | <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that
21 | "[a] pro se litigant must be given leave to amend his or her complaint, and
22 | some notice of its deficiencies, unless it is absolutely clear that the deficiencies
23 | of the complaint could not be cured by amendment"). However, if, after
24 | careful consideration, it is clear that a complaint cannot be cured by
25 | amendment, the Court may dismiss without leave to amend. <u>See, e.g.</u>, <u>Chaset</u>
26 | <u>v. Fleer/Skybox Int'l</u>, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there
27 | is no need to prolong the litigation by permitting further amendment" where
28 | the "basic flaw" in the pleading cannot be cured by amendment).

/ / /

## III.

## DISCUSSION

**A.     The Complaint Fails to State a Claim**

Having carefully reviewed the Complaint and its attachments, the Court finds it fails to state a claim for several reasons.

First, as in the First Action, and as explained in the OSC, the Complaint is devoid of any claim that Plaintiff's federal constitutional or statutory rights have been violated, nor does Plaintiff purport to assert jurisdiction based on diversity of citizenship; as such, facially, there is no subject matter jurisdiction. Plaintiff relies exclusively on various "Articles" of the American Convention on Human Rights ("ACHR"), International Convention for the Protection of the Rights of All Migrant Workers and Members of Their Families ("Convention on Migrant Workers"), and Convention on the Rights of the Child ("CRC"). However, because none of these treaties have been ratified by the United States, they provide no private right of action enforceable in federal court. See Flores v. S. Peru Copper Corp., 414 F.3d 233, 256 (2d Cir. 2003) ("only States that have ratified a treaty are legally obligated to uphold the principles embodied in that treaty"); see also White v. Moore, 2022 WL 18356998, at *5 (C.D. Cal. Nov. 8, 2022) (ACHR does not provide a private right of action in federal court); Howard v. Maximus, Inc., 2014 WL 3859973, at *3 (D. Or. May 6, 2014) (because ACHR was never ratified, federal courts could not enforce it), adopted by 2014 WL 3866419 (D. Or. Aug. 6, 2014); Iran Thalassemia Soc'y v. Office of Foreign Assets Control, 2022 WL 9888593, at *7 (D. Or. Oct. 14, 2022) (explaining that CRC has not been ratified and thus, is not a treaty of the United States); Keating-Traynor v. Westside Crisis Ctr., 2006 WL 1699561, at *7 (N.D. Cal. June 16, 2006) (finding CRC does not provide a private right of action); Connie De La Vega,

5

International Standards on Business and Human Rights: Is Drafting a New Treaty Worth it?, 51 U.S.F.L. Rev. 431, 457-458 (2017) (noting the United States has not signed the Convention on Migrant Workers); U.N. Treaty Collection at https://treaties.un.org (indicating that the United States has not ratified the Convention on Migrant Workers).

Further, even interpreting the Complaint liberally as an attempt to set forth a civil rights claim, the Complaint fails to state a claim for relief. To state a claim for a violation of civil rights under 42 U.S.C. § 1983 ("Section 1983" or "§ 1983"), a plaintiff must allege that a defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48 (1988); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred . . . ." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." See Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 694 (1978). "[A] Monell claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts, or habits.'" Bedford v. City of Hayward, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) (quoting Warner v. Cty. of San Diego, 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011)); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992) ("The existence of a policy, without more, is insufficient to trigger local government liability under

section 1983."); Spiller v. City of Texas City, Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."). "Monell allegations must be [pled] with specificity as required under Twombly and Iqbal." Galindo v. City of San Mateo, 2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016). Here, even were the Complaint to have alleged a violation of a federal constitutional or statutory right, as the sole defendant is DCFS, a local government entity, the only basis upon which liability may be affixed is under a Monell theory. However, the Complaint is devoid of any claim that any policy, custom, or practice by the DCFS caused any constitutional or federal statutory violation. Thus, as DCFS is the only named defendant, the Complaint fails to state a claim for that reason as well.

B. **Leave to Amend Is Not Warranted**

The Complaint suffers from the same defects previously identified in the Second Action. Despite notice of these defects, Plaintiff has failed to correct any of the defects in the instant action and failed to respond to the OSC. It is apparent that the foregoing deficiencies are not the result of inartful pleading but are instead the result of legal deficiencies that cannot be cured by further amendment. Thus, leave to amend is not warranted.

## IV.
## CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's Request to Proceed IFP (Dkt. 3) is DENIED and Judgment shall be entered dismissing this action with prejudice.

Dated: September 13, 2023

STEPHEN V. WILSON
United States District Judge